IN THE US DISTRICT COURT FOR THE MIDDLE DISTRICT
AT NASHVILLE TENNESSEE

Adam West
Petitioner

)
)
)
)

V.

)
)
)
)

Abigail West
Respondent

)
)

CASE #_____

State Docket No 18D-1541

Notice of Removal to Federal Court


Comes now, the Defendant, Abigail Patricia West in a new petition filed on behalf of

Adam Kenneth West by and through counsel Whitney Harrington, and respectfully informs this

court of her request to move this matter to the US District Court of the Middle District of

Tennessee due to multiple federal questions arising from threats to the Defendant's federally

protected civil rights brought in this petition to suspend her parenting time through the use of

injunctive relief as a post divorce matter. Defendant Abigail West is unable to afford a private

attorney to represent her in this matter and apologizes to the court for any mistake,

inadvertencies, or incorrect procedural steps.


Introduction


Plaintiff and Defendant (referred to as former couple herein), welcomed their first child in

2006. They were married the following year on September 16 2007. Their second child was

born in 2011 and their third in 2013. The couple separated on or about August 10 2017, Plaintiff

filed for divorce on or around September 13 2018. Defendant attests that she was never served the petition for divorce. In April 2019, after financial and other challenges of caring for the couple's three children alone, brought about by Plaintiff's refusal to financially support the children and to only practice parenting time very minimally, Defendant sent the minor children to Plaintiff's house because he claimed he would only help financially if they lived with him. Shortly after this the Plaintiff filed a petition for injunctive relief in the form of a restraining order forbidding the Defendant to pick the children up from school. Initially the Defendant was not barred from being around the children, but the Plaintiff had refused to allow any contact except one visit on Mothers Day 2019. Prior to this forced separation, the children, ages 13, 8, and 6, had never been away from their mother for longer than a couple days, and only since the separation. This was life altering and devastating for the Defendant and the minor children.

Since the divorce became final on May 18, 2021, the Defendant has been faced with the children's reports of abuse, neglect, substance use, and violence within their fathers home. Defendant has requested relief from the 4th Circuit Court of Davidson County multiple times. In January 2022 she was denied a motion for default on the grounds that her service was incorrect. The late Judge Philip Smith told her that due to the new Post Office Covid 19 rules for service her certified mail and returned green card was not satisfactory. Defendant had expended upwards of 100 hours of work to ensure she followed all standards for both the modification of the parenting plan and the requirements for a default order. In late February of 2022 the Defendant's house caught fire and destroyed their home and most possessions including family heirlooms, and journals her own mother had written and saved for 50 years. The Defendant's beloved family dog was killed by smoke inhalation.

Defendant has continued to request relief for serious matters in the 4th Circuit Court. Those include the children's truancy after all three were forced to leave their public schools



because their father sent them to school in a district and county he did not live in, reports of their father's involuntary stay at Vanderbilt psychiatric hospital in late 2022, and his recent abandonment of the children and reported month long stay at a faith based drug rehab in South Carolina.

Every request for relief has been denied. Defendant has been denied the video recordings from these hearings by Judge Philip Robinson and Judge Stanley Kweller. In each of these hearings, the Defendant has not been given a chance to speak, to present evidence or witnesses, and has been chastised for even being present without representation. In the latest hearing the Defendant informed the court that she had psychological records for the Plaintiff from 2017 that make a good case for issuing a subpoena for records from 2023 and 2022. The judge would not even look at these records, instead chastising the Defendant about procedural rules that mother had indeed followed.  On several occasions employees in the Circuit Court Clerk's Office have attempted to refuse filing pleadings of the Defendant, by returning a copy of the pleading to the Defendant that had not been stamped or run through the efile scanner evidenced by the lack of markings on the paper. Defendant holds that she has never had a fair and meaningful hearing in the circuit court of Davidson county when she was proceeding pro se. Plaintiff has spent over $65,000 during the course of this divorce and post divorce litigation.

On September 23 2023 Defendant was pulled over near her home by a Williamson County Sheriff's Officer, who called himself a narcotics officer. He had a dog from the K-9 unit with him in the marked SUV he drove. Prior to pulling the Defendant over, he was parked in a church parking lot with a view of the traffic light below. Defendant was stopped for not noticing the light had turned green. Officer Chandler Powell <ins>Rowe Aew</ins> asked the Defendant to exit the truck she was driving before the officer even ran her drivers license. Mother maintains that she had no knowledge of anything illegal in the truck, nor did she have reason to believe the truck held any

illegal materials. However, Officer ~~Powell~~ Rowe AW claimed to have found a small amount of methamphetamine and a pipe. Mother was cited and then Officer ~~Powell~~ Rowe AW asked her if she would like to "make things easier on herself" and work with the narcotics unit to find out "who is making meth in Williamson county". Mother took the citation and finished her errands and went home. This case is still pending, as of the filing date of Plaintiff's request for a restraining order, the Defendant had not booked herself or attended a preliminary hearing. Mother will plead not guilty and is prepared to take the charges to trial if necessary because she was not aware of or responsible for whatever Mr. Powell claims to have found in the truck of her husband. Body camera footage and and other exculpatory evidence will be requested at preliminary hearing at December 14, 2023

The Defendant was given a different copy of the citation by the Williamson County Sheriff's department. This citation, referred to as Citation 2 herein, had the same date as the original citation, referred to as Citation 1 herein. Both citations have the same names and addresses, however Citation 2 was typed on a computer and contained a much longer narrative than Citation 1. Citation 2 does not contain an accurate narrative and it is not signed by the officer or the Defendant. These two charges, both misdemeanors, are the sole reason for the request for a restraining order. This request for injunctive relief was filed after the Plaintiff went to drug rehab out of state without informing the Defendant and returned after signing out AMA, to which Defendant had responded with an emergency motion, that was subsequently denied.

It is worth noting that counsel for the Plaintiff included a copy of Citation 1 with her petition for injunctive relief.

It is also necessary to briefly discuss the Defendant's current husband and the petition for termination of parental rights filed against him by his oldest son's current custodian Grant Crawford, by and through counsel Hillary Hiland Duke in the HIckman County Court being heard

④

by Judge Chapman out of the Murray County Court in Columbia Tennessee. The Defendant's stepson has enjoyed every other weekend visitation with his father, sister, and stepmother for well over two years with no issues or DCS involvement. The child had been removed from his mother in November 2019 and father was never named as an alleged perpetrator, was not contacted by DCS for placement, and signed a voluntary temporary custody agreement with the maternal uncle in December 2019 that was supposed to last 2 months maximum. Instead in a trial for a Dependency and neglect petition filed by Tennessee Department of Children's Services in which father had not even been named, and was not in reference to the child's birth records three years prior the father was adjudicated as of having committed Severe Child Abuse because of his admitted use of Marijuana with the mother when she was pregnant.

Recently, Hillary Hiland Duke and Gary Wicks, Guardian Ad Litem for the Defendant's step son filed a joint motion to suspend the child's visitation with his father, based almost exclusively on the Defendant's misdemeanor charges that are referenced throughout this pleading. Gary Wicks filed the motion to suspend these visits and this motion contained information that was not on either citation. This motion contained discussions about the Defendant's google review profile, tiktok, and inaccurate claims about the Defendant. The Defendant's youngest child was taken into DCS custody when she was 4 weeks old and she has pending litigation in the US District court for the middle district of Tennessee in regards to violations of her constitutionally protected civil rights during the beginning and duration of her DCS case. Defendant's daughter is the biological half sister of the Defendant's stepson. Deputy Chandler Rowe was present in Hickman County and testified to things which were not material to the case at hand. Abigail West maintains her innocence in regards to this citation.

The Defendant was also visited by contracted state employees due to a child abuse hotline call arising from these misdomeaner charges that mother has not yet been booked on.



On December 1 2023, during a motion hearing on a motion for emergency custody filed by the Defendant, she was ordered to take a drug screen at Averhealth, which is the respondent in a pending case Defendant brought for civil rights violations. Defendant took a drug screen at the CareNow Urgent Care in Franklin Tennessee in response to the order upon belief that Averhealth might use the opportunity to again mishandle the test. These suspicions arise from drug test results Averhealth falsified during her DCS case with her youngest child. Said case was voluntarily nonsuited in June of 2021, a month after the Defendant signed a divorce agreement. Mother has had no DCS involvement since then. The test results from CareNow Urgent Care are being sent directly to the 4th circuit court for Davidson county. Defendant attests that these results will be negative for all 10 substances tested for.

Although the Defendant was the movant, she was not given a chance to speak, when she attempted to enter evidence during her most recent hearing and her request for an order to produce medical records was ignored and Defendant was told she had not performed certain requirements to issue the subpoena. Some of these actions the Defendant had indeed fulfilled. Counsel for the Plaintiff was not required to respond to any of the Defendant's claims of irreparable harm to the children arising from the fathers actions and inactions. The safety of the minor children was not considered. Judge Stanley Kweller did order the father to also take a drug screen. It is unknown if he submitted to that screen, and if so, the results of that test. Overall, he has not been held responsible for any of his actions and inactions throughout the course of the divorce and modification litigation.



Federal Question Jurisdiction

28 U.S.C. § 1331

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1441

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the Defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)Against any person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof

Defendant presents the following questions arising out of Plaintiffs Petition for Temporary Restraining Order to Suspend Mothers Parenting Time.

1. Does the family law exception, when utilized for a removal to federal court requested for reasons of federal question jurisdiction, violate a citizen's right to the protections of the 14th amendment?

　　Rule 65.07 of the Tennessee Rules of Civil Procedure gives judges full discretion to make this type of relief last as long as they see fit. In light of the numerous violations to the Defendant's rights along the course of this divorce and modification, mother is afraid that without

relief she may never see her children again. This is not the first time Defendant's right to familial association has been taken without regard to due process standards, the first time being in 2019, with Defendant's admission to needing help and her honest answer to the judge's questions when she was not represented, not aware of what was happening, and not afforded any ability to defend herself, or any knowledge of the possible length that these rights would be taken.

2. Public records denied.

Defendant has consistently been denied access to the records from hearing in the 3rd and 4th Circuit Courts. After reaching out to representatives from the open records office of the Tennessee Comptroller's office, she was told that there is no one in Tennessee with enforcement power, but that since this is a federal law he provided some relevant case law. Defendant requested the records from the hearing from December 1, with no response. Recently, the records request website for tncourts.gov has added a statement to the effect that not all hearings will have records. Defendant believes that none of the hearings she has requested have been recorded and by default because of that issue, she has not been afforded a fair hearing. However, there are multiple issues in these hearings that highlight Defendant's right to bring suit and right to a fair hearing being consistently denied by the circuit court. Defendant is trying to gather evidence but is afraid of more retaliation by the defendants named in 3:21-cv-00771 and by other members of the state government and the Tennessee Bar Association, so timing is an issue.

1. Do due process protections of the right to an attorney cover the loss of parenting time and the use of temporary restraining orders with judicial discretion for length of order require an appointed attorney be offered to defendants?



I believe they do, in all other cases of a parent's rights to their child being interrupted, Tennessee and most other states require an attorney be given to the defendants in these cases. Defendant is entitled to due process protections.

I declare under penalty of Perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 6 2023 @ 1:43pm

I declare under penalty of perjury that the foregoing is true and exact to the best of my knowledge and memory.

Respectfully,

x _Abigail West_

Abigail West
3106 Ford Lane
Franklin, Tennessee 37064

I declare & certify that

Certificate of Service

A true and exact copy of this has been sent via the US Postal Mail, certified mail, to the last known address of the father at

415 St. Francis Ave
Nashville, Tennessee 37209

and also sent to his last known attorney:
Ms. Whitney Harrington
198 W. Main Street
Franklin, TENNESSEE 37064

x _Abigail West_

Abigail West
3106 Ford Lane
Franklin, Tennessee 37064

IN THE JUVENILE COURT OF HICKMAN COUNTY, TENNESSEE
AT CENTERVILLE

WILLIAM GRANT CRAWFORD )
    Petitioner, )
     )
V. )
     ) CASE NO.: **23JV127**
CHRISTINA CRAWFORD, Mother )
And )
LUCAS STEVEN LASSITER, Father. )
    Respondents. )
     )
In the matter of: )
Lucas Cullen Lassiter, DOB 06/06/2017. )

### ORDER OF NOVEMBER 20, 2023

The Petitioner's Motion for Default and the Respondent, Lucas Lassiter's Motion to Vacate Order, Motion for a new Hearing, Motion to Compel Petitioner to Produce Certified Copy of Motion or Petition for Contempt came to be heard on the 20th day of November, 2023 before the Honorable Douglas K. Chapman in Maury County Juvenile Court being heard by interchange due to a conflict with the Hickman County Juvenile Court Judge. Present before the Court were: Petitioner, Grant Crawford; Counsel for Petitioner, Hilary H. Duke; Respondent, Lucas Lassiter (propria persona), Respondent, Christina Crawford; Guardian ad Litem, Gary Wicks; and Witness, Daphne Baer. Upon statements of Counsel, the Respondents, Department of Children's Services witness, Daphne Baer and the record as a whole, The Court finds as follows:

1. The Respondent/Father submitted an Answer to the Petition for Termination of Parental Rights and as such, the Default by the Respondent/Father is cured and the case shall move forward.

2. Respondent/father's motion was granted and his previous visitation schedule was reinstated as no court order suspending the Respondent/Mother's visitation could be found in the record and petitioner's counsel retracted previous claim of Respondent/Father being in contempt and could not produce pleadings requested in Respondent/Father's motion.

ORDER NOT ENTERED

5. The Respondent/Father shall not allow any visitation or contact between the minor child and the Respondent/Mother.

7. Judge Chapman made a blanket statement that all parties shall not allow this case to be discussed with the minor child. The minor child's Counselor and/or therapist are exempt from this prohibition if they feel it is appropriate to discuss the same in a therapeutic setting.

7. Judge Chapman made a blanket statement that parties shall not expose the minor child to violence, raised voices, and/or arguments during his visitation with the minor child.

9. The Respondent/Father will inform the court if he hires a private attorney no later than December 29, 2023 or will continue to act as his own attorney.

10. The Final Hearing on the Termination of Parental Rights shall be set to be heard on the _____ day of _____, 2024 at 9:00 a.m.

11. The Respondent/Father's residential address where the minor child will visit is 3106 Ford Lane, Franklin, Tennessee 37064.. The Respondent/Father will inform the Court and the Petitioner if his physical/residential address changes. The address previously provided by the Respondent/Father is strictly a mailing address.

1213. The Respondent/Father and Petitioner shall both acknowledge each other upon pick up and drop-off of the minor child to prevent any confusion or worry about the whereabouts of the child.

2

IT IS SO ORDERED.


This_____ day of_____, 2023.


_____
**HONORABLE DOUGLAS K. CHAPMAN**

APPROVED FOR ENTRY:

_____

**HILARY H. DUKE #024403**
Attorney for Petitioner Grant Crawford
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615-446-2221 / 615-446-2232
hduke@rprvlaw.com

*Lucas Steven Lassiter*

**Lucas Steven Lassiter**
Respondent/Father in Propria Persona
2201 Collier Drive,
Franklin, Tennessee 37064.
llassiter321@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was sent via U.S. Mail, first class, postage prepaid to: Attorney for Mother, Richard Boehms, Cagle and Boehms, 103 West Main Street, Hohenwald, TN 38462; Respondent/Father, Lucas Lassiter at 3512 Hillsdale Avenue, Unit B, Nashville, Tennessee 37205, Respondent/Father Lucas Lassiter at: llassiter321@gmail.com and courtesy copy to Gary Wicks, GAL, P.O. Box 1525, Franklin, TN 37065, on this the day of November, 2023.


**HILARY H. DUKE**


3

evidence

THE NUMBER OF MOVING VIOLATIONS THIS CITATION __0__ + NON-MOVING __2__ = TOTAL __2__ (MAX. 5)

23 GR 5016

THE UNDERSIGNED BEING DULY SWORN UPON HIS OATH DEPOSES: 615 · 569 · 00

ON __SAT__ THE __23rd__ DAY OF __SEPT__ 20 __23__ | TIME 10:22 P.M. | SEX F | RACE W | TN | YES | 

**VIOLATOR**

| NAME FIRST: Abigail | MIDDLE: Patricia | LAST: West | CITY: Franklin | MONTH 12 | DAY 27 | YEAR 1984 |

ADDRESS: 3106 Ford C | CITY: Franklin | STATE: TN | ZIP CODE: 37064

SOCIAL SECURITY NUMBER | DRIVERS LICENSE NUMBER | DL CLASS: D | STATE: TN | EXPIRATION MONTH 1 | DAY 22 | YEAR 2028

**VEHICLE**

OWNED / CARRIER / LEASED — NAME: Lucas Lassiter | BUSINESS ADDRESS: Same | CMV | HAZ MAT | ACC. | MC

DID UNLAWFULLY OPERATE/PARK A MOTOR VEHICLE

MAKE: Nissan | MODEL: Titan | 26,001 LBS. OR GREATER YES | YEAR: 2010 | COLOR: Sil | LICENSE PLATE NO. BTV 1660 | STATE: TN | YEAR: 6/2024

**LOC**

UPON STREET/H.WY: Carter's Creek / Southall | CITY/COUNTY: Williamson

AFORESAID DID THEN AND THERE COMMIT THE FOLLOWING OFFENSE(S):

**VIOLATION**

| | | | | A | RADAR 02 | OTHER 04 |
| TCA 55-8-____ SPEEDING | ____ MPH IN ____ ZONE | | | | PACING 03 | LASER 05 |
| TCA 55-10-205 RECKLESS DRIVING | 002 | B | TCA 55-8-____ TRAFFIC CONTROL DEVICE/SIGNAL | H | TCA 55-4-____ REGISTRATION VIOL. | 0 OTHER 2 TCA 39-17-434 | Y |
| TCA 55-8-____ IMPROPER PASSING | | C | TCA 55-8-124 FOLLOWING TOO CLOSE | 006 I | TCA 55-8-188 HOV LANE VIOLATION | 019. P | Poss of Meth |
| TCA 55-50-____ DL VIOL. | | D | TCA 55-10-416 OPEN CONTAINER | 199 K | TCA 55-9-____ LIGHT LAW | S OTHER 3 TCA 39-17-425 | Z |
| TCA 55-9-202 MUFFLER LAW | 106 | E | TCA 55-9-107 WINDOW TINT | 199 L | TCA 55-12-139 INSURANCE LAW | T C- 2023-27572 |
| TCA 55-9-____ SEATBELT LAW | | G | TCA 55-9-602 CHILD RESTRAINT DEVICE | 393 M | | E: 2309215 469 |
| | | | | | | P- 615-569-0001 |

NARRATIVE: Vehicle was stopped due to driver sitting at green light putting her makeup on. At the search due to a positive alert by K9 Cas resulted other to be in possession of a small amount of meth, glass meth pipe, and small marijuana. 629-235-2325

THE UNDERSIGNED FURTHER STATES THAT HE/SHE HAS JUST AND REASONABLE GROUNDS TO BELIEVE AND DOES BELIEVE, THAT THE PERSON NAMED ABOVE COMMITTED THE OFFENSE(S) HEREIN SET FORTH, CONTRARY TO LAW.

TN ID # 0 9 4 0 0 0 0 0

**OFFICER**

THIS __23rd__ DAY OF __SEPT__ 20 __23__ | RANK: Dep. | OFFICER NAME (PRINT): C. Rowe H

HAVING BEEN DULY SWORN, I DO HEREBY ATTEST THAT THE ABOVE IS A COMPLETE COPY OF THE ORIGINAL CITATION, AND THAT THE INFORMATION CONTAINED THEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

SWORN AND SUBSCRIBED BEFORE ME THIS __23rd__ DAY OF __Sept__ 20 __23__

SIGNATURE OF OFFICER | JUDGE/CLERK: Margaret May Maher FRANKLIN 03

**COURT**

IN THE: GENERAL SESSIONS COURT OF: WILLIAMSON 94 | COUNTY NO. | CITY: FRANKLIN | NO. 03

JUVENILE COURT | OTHER ____ OF: ____ | TIME 01:00 A.M.

ON __Thursday__ THE __14th__ DAY OF __December__ 20 __23__

NOTICE: FAILURE TO APPEAR IN COURT ON THE DATE ASSIGNED TO THIS CITATION OR AT THE APPROPRIATE POLICE STATION FOR BOOKING AND PROCESSING WILL RESULT IN YOUR ARREST OR A SEPARATE CRIMINAL OFFENSE WHICH IS PUNISHABLE BY A JAIL SENTENCE OF ELEVEN (11) MONTHS TWENTY-NINE (29) DAYS AND /OR A FINE UP TO TWO THOUSAND FIVE HUNDRED DOLLARS (2,500)

I UNDERSTAND THE ABOVE NOTICE AND THAT MY SIGNATURE IS NOT AN ADMISSION OF GUILT.

VIOLATOR'S SIGNATURE

BLER-36

(4)

*Evidence C*

IN THE JUVENILE COURT OF HICKMAN COUNTY, TENNESSEE
AT CENTERVILLE

WILLIAM GRANT CRAWFORD )
    Petitioner, )
     )
V. )
     )
     )    CASE NO.: 23JV127
CHRISTINA CRAWFORD, Mother )
And )
LUCAS STEVEN LASSITER, Father. )
    Respondents. )
     )
In the matter of: )
Lucas Cullen Lassiter, DOB 06/06/2017. )

---

### ORDER SUSPENDING RESPONDENT/FATHER'S VISITATION

---

The Amended Joint Motion to Suspend Visitation came to be heard on the 1st day of December, 2023 before the Honorable Douglas K. Chapman in Maury County Juvenile Court being heard by interchange due to a conflict with the Hickman County Juvenile Court Judge. Present before the Court were: Petitioner, Grant Crawford; Counsel for Petitioner, Hilary H. Duke; Guardian ad Litem, Gary Wicks; and Witness, Deputy Chandler Rowe. The Respondent/Father was given notice of the hearing and the opportunity to appear by Zoom but failed to appear. Upon statements of Counsel, Petitioner, the Witness, Mr. Chandler Rowe and the record as a whole, the Court finds as follows:

1. The Respondent/Father's Wife was charged on September 23, 2023 with: Possession of Methamphetamines pursuant to Tenn. Code Ann. § 39-17-434 and Possession of Unlawful Drug Paraphernalia Uses and Activities pursuant to Tenn. Code Ann.§ 39-17-425.

2. Deputy Chandler Rowe testified that Ms. Abigail West, the Respondent/Father's Wife was in Respondent/Father's 2010 Silver Nissan Titan at the intersection of Carters Creek and Southall when she was stopped at a green light putting makeup on.



3. Deputy Rowe testified that he initiated the stop and smelled a strong odor of marijuana coming from the truck. Additionally, Deputy Rowe indicated that his K-9 alerted on the vehicle and a search of the vehicle was done.

4. Deputy Rowe testified that a methamphetamine pipe (plastic vile), a rolled-up bank check, methamphetamine, and a marijuana roach were found in the vehicle.

5. Deputy Rowe witnessed the Respondent/Father's Wife, Abigail West to have a bank card belonging to Mr. Lucas Lassiter that had crystallized methamphetamine on it. Deputy Rowe field tested the methamphetamine and the same came back positive.

6. The Respondent/Father's Wife agreed to act as a criminal informant for the Sheriff's Department but was a no show for the meeting with the Deputy.

7. The Respondent/Father had visitation with the minor child on the weekend the Respondent/Father's Wife was charged.

8. The minor child is often transported in the vehicle where the methamphetamine, drug paraphernalia and marijuana were found.

9. The Petitioner, Grant Crawford discovered the charges late in the afternoon of November 22, 2023 and could not get an emergency motion filed until the Court reopened from the holiday on Monday, November 27, 2023.

10. The Petitioner, Grant Crawford, by and through Counsel, and the Guardian ad Litem, Gary Wicks filed an Emergency Motion to Suspend Respondent/Father's visitation as the minor child's health and safety is at risk in the Respondent/Father's care.

11. The Respondent/Father and Respondent/Father's Wife are not cooperating with the Department of Children's Services.

12. The Respondent/Father and the Respondent/Father's Wife have exhibited erratic behaviors. Specifically, the Respondent/Father sent a GIF of cartoon character, Stitch in the rain, and then asked the

2

Petitioner/Grant Crawford why he had sent it. Petitioner did not send the GIF and the remainder of the conversation was nonsensical. On one occasion the Respondent/Father's Wife appeared at the Petitioner's residence with her minor children and refused to leave. When it was indicated that the authorities had been called, the Respondent/Father's Wife tried to leave the area but was stopped by the authorities. The Respondent/Father's Wife indicated to authorities that one of her minor children needed to use the restroom and she would return shortly to talk to them. The Respondent/Father's Wife never returned to speak to authorities.

13. The Court was in the process of reviewing the competing orders from the hearing on November 20, 2023. The competing orders are attached hereto by reference, but neither shall be signed by the Court as this Order shall supersede those Orders.

14. Despite Counsel and the Court requesting the Respondent/Father respond regarding the alternate date of March 8, 2024 to set the Final Hearing on Termination of Parental Rights case, the Respondent/Father has not responded other than to say the first date chosen, March 6, 2023, may not work for his calendar. That notwithstanding, the Respondent/Father is directed to respond and let the parties and Counsel know if he is available March 6, 2024 or March 8, 2024 for the Final Hearing. The Respondent/Father shall respond no later than the close of business on December 15, 203 or the matter will be set for Final Hearing on March 6, 2024 at 9:00 a.m.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED, the Respondent/Father's visitation shall be immediately suspended as the minor child's health and safety are at an immediate risk of harm;

IT IS FURTHER ORDERED, ADJUDGED, and DECREED, the Respondent/Father and his wife, Abigail West shall submit to a hair follicle drug screens and nail follicle drug screens immediately. Both parties are directed not to cut, color, and/or adulterate their hair and nails.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED, the Respondent/Father and his Wife shall cooperate with the Department of Children's Services. Further the Department of Children's Services and the

Guardian ad Litem are given leave of Court to enter and inspect the home of Respondent/Father in furtherance of any and all investigations.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED, the 2010 Silver Nissan Titan shall be remediated before the child is allowed in the vehicle again. Further, the Guardian ad Litem shall be given leave to inspect the vehicle and the remedial measures taken prior to approving whether the minor child will be allowed in the vehicle.

IT IS FURTHER, ORDERED, ADJUDGED, and DECREED, the Respondent/Father shall respond prior to December 15, 2023 about whether March 6, 2024 or March 8, 2024 are acceptable dates to set the Final Hearing. If the Court does not hear from the Respondent/Father the Final Hearing shall remain scheduled for March 6, 2024 at 9:00a.m.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED, The Respondent/Father shall have private Counsel hired and an appearance entered no later than December 29, 2023 or be prepared to move forward pro se.

IT IS SO ORDERED.

This _____ day of _____, 2023.


_____
HONORABLE DOUGLAS K. CHAPMAN


APPROVED FOR ENTRY:

_____
HILARY H. DUKE                    #024403
Attorney for Petitioner Grant Crawford
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055
615-446-2221 / 615-446-2232
hduke@rprvlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Order was sent via U.S. Mail, first class, postage prepaid to: Attorney for Mother, Richard Boehms, Cagle and Boehms, 103 West Main Street, Hohenwald, TN 38462; Respondent/Father, Lucas Lassiter at 2201 Collier Drive, Franklin, Tennessee 37064, Respondent/Father Lucas Lassiter at: llassiter321@gmail.com and courtesy copy to Gary Wicks, GAL, P.O. Box 1525, Franklin, TN 37065, on this the ___5th___ day of December, 2023.

**HILARY H. DUKE**

